SAM JARRELL V. THE STATE.

No. 20721. Delivered February 7, 1940.
Rehearing Denied March 20, 1940.

The opinion states the case.

*John L. Poulter*, of Fort Worth, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of ten years.

The record shows that Buddy Jarrell and his wife, Lola, together with Buddy's mother, resided on a farm near the

Prairie Grove School House in Johnson County. Appellant and the deceased, Bill Roberson, lived in the same community. In the spring of 1938, Bill Roberson asked Buddy Jarrell to let him have a small tract of land lying in the corner of the Jarrell farm. Buddy Jarrell agreed to let him have the land provided that he, Roberson, would fence it off from the other land. Roberson agreed to do so and himself furnish the material. After Roberson had spent a few days in preparing the ground to be planted, he informed Jarrell that he was unable to procure the necessary wire, posts and staples to fence the land and requested Jarrell to pay him for his labor in ploughing a part of said land. Jarrell declined to do so and a controversy arose between them which they agreed to submit to a board of arbitrators, composed of three men. Their decision should be final and each would abide thereby. The men selected as arbitrators met, heard each side, and decided that Buddy Jarrell did not owe Bill Roberson anything for his labor in plowing the land. It seems that Roberson was very much displeased with the decision and made rather serious threats, not only against Buddy Jarrell, but also against his wife Lola Jarrell. Buddy Jarrell operated a small dairy and on every Tuesday and Friday morning, he and his wife would take the milk from their home over a certain road to the town of Burleson. This was well-known to Bill Roberson. On the morning of April 29, 1938, Bill Roberson secreted himself in a thicket near the road usually travelled by Buddy Jarrell in going to Burleson. When Buddy Jarrell and his wife came along said road in a car, they observed an automobile grease gun lying in the road. They stopped their car, Buddy got out to pick it up, and when he did so Roberson shot him with a shotgun, killing him almost instantly and seriously injuring his wife, Lola Jarrell. Roberson then walked away in the direction of his home. He was later arrested, and charged with murder, but was released on bond. As soon as Roberson was released, Mrs. Lola Jarrell and her mother-in-law abandoned their home and went to live with the appellant, Sam Jarrell. On the 26th day of October, appellant and his brother went to Venus where Bill Roberson was working as a corn sheller. When Roberson saw them approach, he sensed danger and immediately grabbed a fellow co-worker and held the man in front of him as a shield. The co-worker made a desperate effort to free himself and finally succeeded. Roberson then fled, at which time appellant fired on him with a shotgun. Roberson succeeded in getting to an automobile, behind which he sought protection. Appellant went back to his truck, procured a pistol, and shot Roberson several times,

from the effects of which he died. Appellant testified to many serious threats made against him by the deceased. He further testified that his purpose in going to where the deceased was at work was to get an explanation of these threats; that when the deceased saw him coming up, he grabbed a co-worker, held him in front of himself and ran his hand in the bosom of his shirt, which caused appellant to believe that the deceased was going to draw a pistol. Whereupon he fired upon the deceased; that the deceased then ran to an automobile, extended or at least attempted to extend his hand through the front door of the car which caused him (appellant) to believe that the deceased was attempting to get a gun; that having emptied his gun, he returned to his truck, took a pistol therefrom and shot the deceased and continued firing until the deceased fell.

Bill of exception number five shows that appellant offered to prove by Mrs. S. E. Jarrell certain serious threats alleged to have been made by the deceased against appellant, which were communicated to appellant some time prior to the homicide. The district attorney objected to the proof thereof, on the ground that the same were immaterial, inasmuch as the issue of self-defense had not been raised. The court sustained the objection, but advised appellant that in the event such issue was raised, at any later time in the trial, he would give him the opportunity to introduce said testimony. Appellant takes the position that this testimony was admissible in the first instance under Art. 1257 P. C., as showing the previous relationship between the parties and appellant's state of mind, regardless of whether or not the issue of self-defense was raised. We do not deem it necessary to decide this issue, because if it should be conceded that the proffered testimony was admissible in the first instance, and for the reasons stated by appellant, he still would have no just cause for complaint, because he failed to avail himself of the opportunity accorded him by the court to re-offer the evidence when the issue of self-defense was raised. Bills of exceptions Nos. 7 and 10 show that appellant offered similar testimony by two other witnesses, and the court made the same ruling thereon. Consequently, what we have said with reference to bill of exception number 5 applies with equal force to these bills, and they are overruled for the same reason. Moreover under the holding of this Court in the case of Mercer v. State, 13 S. W. (2d) 689, which relates to the question here presented, it is doubted if there is any merit in appellant's contention.

Bills of exceptions 1, 4, 6 and 10 are qualified by the Court and as qualified fail to reveal reversible error.

All other matters complained of by appellant have been examined by us and are deemed to be without merit.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After carefully examining the record in the light of appellant's motion for rehearing we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.