A. C. JARRELL V. THE STATE.

No. 20938. Delivered April 10, 1940.
Rehearing Denied May 15, 1940.

The opinion states the case.

*John L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in Bosque County upon a change of venue from Johnson County for the murder of W. R. (Bill) Robertson, and his punishment was assessed at ten years in the penitentiary.

This is a companion case to that of Sam Jarrell v. State (No. 20721) decided by this Court on February 7, 1940, (138 Texas Crim. Rep., 603) and the facts in the two cases are, as to all important issues, the same. Reference is here made to the opinion in that case for a full and complete statement of the facts as well as a discussion of the questions of law, which are the same except as hereinafter noted.

By Bill of Exception No. 1 complaint is made that while the witness, Sam Griffin, was being examined, the attorney for the defendant objected to his testimony and the private prosecutor in the case replied to the attorney: "He has answered the question; that is a shorthand rendition of the facts. He is an honest witness. You just want the facts and the truth, don't you?"

The defense attorney answered, "Yes," to which the private prosecutor replied, "I don't think you do." This was an improper indulgence of personalities. Exception was taken but it does not appear whether the exception was to the first statement of the attorney, which was with reference to the witness, or to his remark to the attorney, "I don't think you do." At any rate, the court instructed the jury not to consider the statement of the attorney. The bill does not disclose what harm appellant suffered from this tilt between the attorneys, and we are unable to see any error which the instruction of the court did not properly cure. The bill of exception is not sustained.

We find no other matter in the case requiring consideration, and following the case of Sam Jarrell hereinabove referred to, this case is affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for rehearing, takes the position that the evidence is insufficient to show murder with malice; that at most, it only shows a murder without malice. We are unable to agree with his contention. Appellant went to Venus with his brother Sam. While there, they drove to a gin where the deceased, Bill Robertson, was working at a corn sheller. When Robertson saw the appellant and his brother approaching he immediately caught a co-worker, pulled him up in front of himself as a shield against what appeared to him to be a serious danger. The co-worker also sensed the danger and made strenuous efforts to free himself and get away from what appeared to him a perilous position, in which he was successful. Robertson then looked for protection elsewhere, and when he was leaving, or about to leave, the corn sheller, Sam Jarrell, the brother of the appellant, fired at Robertson with a shotgun but missed him. He then fired the second shot as Robertson was going to an automobile but missed him again. Then Sam Jarrell went back to their car where the appellant was, procured a pistol and killed Robertson, who was stooping behind an automobile. The appellant and his brother then left the scene of the killing.

We think the brief summary of the facts above stated was sufficient upon which the jury could reasonably base their conclusion of the appellant's guilt of murder with malice. We would not be authorized to hold as a matter of law, under the evidence, that the homicide was murder without malice.

Appellant next complains because we declined to sustain his Bills of Exception Nos. 1, 2, 3, 4, and 5. We have again examined the bills.

Bill No. 1 shows that while Sam Griffin was testifying for the State he was asked by the District Attorney: "Q. Then, where did Bill Robertson go after he was fired at the second time? A. Came around the north end of the corn sheller and around these trucks and ran in behind my car and just stooped over like a scared man."

Appellant merely objected to the entire answer without

stating any ground of objection. The State's counsel replied: "He has answered the question; that is a shorthand rendition of the facts."

Thereupon, a controversy ensued between counsel for the State and the appellant, as stated in our original opinion, to which appellant excepted. The court instructed the jury not to consider the remark of State's counsel. This bill, in our opinion, is deficient. Moreover, it fails to reflect reversible error.

Bills of Exception Nos. 2, 3, and 4 have been carefully reviewed by us, and we see no error reflected therein.

Bill No. 5 is qualified by the court who states in his qualification that the issue of self-defense was not raised; neither was the issue as to who started the difficulty, etc. The bill, as thus qualified, fails to reflect reversible error.

From what we have said it follows that the appellant's motion for a rehearing should be overruled, which is accordingly done.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.